

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 18, 1962

This Opinion
Affirms Opinion
# ...O-2418

Hon. Franklin L. Smith
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. WW-1314

Re: Whether it is lawful for a
nineteen year old boy, who
has had his disabilities re-
moved under Article 5921,
V.C.S., to possess or consume
any alcoholic beverages in
any public place under the
provisions of Article 666-17
(14)(a), V.C.S., and whether
a minor whose disabilities
have been removed can be
appointed a notary public
and related questions.

Dear Mr. Smith:

In your recent letter you requested an opinion from
this office on several questions, the first of which is:

"If a nineteen (19) year old boy has
had his disabilities of minority removed
under the provisions of Article 5921, is
it unlawful for him to possess or consume
any alcoholic beverage in any public
place under the provisions of Article
666-17(14)a?"

Article 666-17(14)(a), Vernon's Penal Code, provides
as follows:

"It shall be unlawful for any person
under the age of twenty-one (21) years to
purchase any alcoholic beverage, and upon
conviction thereof shall be fined in a sum
of not less than Ten Dollars ($10) or more
than One Hundred Dollars ($100). It shall
further be unlawful for any person under the
age of twenty-one (21) years to possess, un-
less such person under the age of twenty-
one (21) years be a bona fide employee, as
permitted elsewhere in this Act, on the
licensed premises where such alcoholic
beverage is possessed, or consume any

alcoholic beverage in any public place un-
less at the time of such possession or
consumption such person under the age of
twenty-one (21) years is accompanied by
his or her parent, guardian, adult husband
or adult wife, or other adult person into
whose custody he or she has been committed
for the time by some Court, who is actually,
visibly and personally present at the time
such alcoholic beverage is possessed or
consumed by such person under the age of
twenty-one (21) years, and upon conviction
thereof shall be fined in a sum of not less
than Ten Dollars ($10) or more than One
Hundred Dollars ($100). As amended, Acts
1955, 54th Leg., p. 1149, ch. 433, § 1."

As can be readily seen nowhere does this statute refer to
"minor". The controlling fact as set out in the statute
is the age of twenty-one years. There can be no question
of the disability of minority because the statute does
not refer to minors and we hold that Article 5921,
V. C. S., has no application to this situation. We
therefore hold that a nineteen year old boy is liable
for a violation of Article 666-17(14)(a), V.P.C., whether
or not his disabilities have been removed.

In a later letter you asked us the following
question:

"If a minor has his disabilities re-
moved under Article 5921, can he be
appointed a Notary Public under the pro-
visions of Article 5949?"

This question has been answered by Attorney General's
Opinion No. O-2918, a copy of which is enclosed herewith.
We hereby affirm that holding to the affect that a person
under twenty-one years of age cannot be a notary public
even though his disabilities of minority have been removed.

Lastly you asked us:

"Under the provisions of Article 5949,
does it matter whether the appointee is
male or female?"

Article 5949, Vernon's Civil Statutes, provides as
follows:

"2.  To be eligible for appointment as
Notary Public for any county, a person shall
be a citizen of this state and at least
Twenty-one (21) years of age, and a resident
of the county for which he is appointed;..."

"3.  Any person desiring appointment as
Notary Public shall furnish to the County
Clerk of the county of residence of the
applicant, or the county in which the
applicant seeks to act as Notary Public,
his name as it will be used in acting as
such Notary Public, his post office address,
and shall satisfy the Clerk that he is at
least twenty-one (21) years of age and
otherwise qualified by law for the appoint-
ment which is sought...."

The above sections of the statute set out the qualifica-
tions for the notary public.  Nowhere is any reference
made to the sex of the appointee.  We therefore hold that
it makes no difference under Article 5949 whether a per-
son appointed as a notary public is a male or female.

## S U M M A R Y

1.  Article 666-17(14)(a) applies to all
persons under twenty-one years of age whether
male or female and whether or not their dis-
abilities of minority have been removed.
2.  Under the provisions of Article 5921,
V.C.S., a notary public must be at least
twenty-one years of age before appointment
and the removal of the disabilities of
minority has no affect on this requirement.
3.  Under the provisions of Article 5949
either a male or female may be appointed a
notary public.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant

NVS:sh
Enclosure

APPROVED:

OPINION COMMITTEE:
J. C. Davis, Chairman
Robert McGee
Grady Chandler
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.